UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Oct 23, 2019

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Billy Gene Eddy, Jr..,** and, | ) | Case No. 17-11097-R |
| **Reliable Building Services, LLC,** | ) | Chapter 7 |
| | ) | Substantively Consolidated |
| Debtors. | ) | |

### ORDER GRANTING MOTION TO APPROVE COMPROMISE OF CONTROVERSIES
*(Blue Chip Supply, LLC)*

This Court, upon review of the Request for Entry of Order ("**Request**"), the Motion to Approve Compromise of Controversies and Notice of Opportunity for Hearing (the "**Motion**"), and the pleadings on file in this case, finds as follows:

1. The Trustee filed his Motion on September 17, 2019.

2. In the Motion, the Trustee sought approval of the settlement between the Trustee and Blue Chip Supply, LLC ("**Blue Chip**") regarding the avoidance, defenses, and recovery of an alleged preferential transfer in the amount of $29,761.69.

3. Pursuant to the Motion, in summary, the settlement terms are:

   a. Blue Chip will pay the Trustee the sum of $2,500.00;
   b. Blue Chip shall not have an unsecured claim in this bankruptcy case;
   c. The Trustee will release any and all claims against Blue Chip and Blue Chip will release any and claims against the bankruptcy estate and the Trustee;
   d. The parties shall bear their own costs and expenses in prosecuting and/or defending the same; and
   e. The Trustee will dismiss the Adversary with prejudice.

4. A copy of the Motion was mailed on September 17, 2019 to those creditors and parties in interest as set forth in the Order Limiting Notice (Preference Settlement Motions) entered February 6, 2019. Other interested parties received notice via CM/ECF.

5. The time for filing with the Court an objection to the Motion and Notice has expired and no objections have been filed or received by the Trustee.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that notice of the Motion was proper pursuant to F.R.Bankr.P. 2002(a)(3).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the settlement between the Trustee and Blue Chip is approved.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee is authorized to enter into the Settlement Agreement attached as Exhibit "A".

**SO ORDERED** this 23rd day of October, 2019.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Submitted by:

s/Scott P. Kirtley_____
Scott P. Kirtley, OBA No 11388
RIGGS, ABNEY, NEAL, TURPEN,
  ORBISON & LEWIS
502 West 6th Street
Tulsa, Oklahoma 74119-1016
Telephone: 918-587-3161
Facsimile: 918-587-9708
skirtley@riggsabney.com
*Attorney for Trustee*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Settlement Agreement**") is made and entered into this 11th day of September, 2019, by and between Blue Chip Supply, LLC ("**Creditor**") and Scott P. Kirtley in his capacity as Trustee of Billy Gene Eddy Jr. and Reliable Building Services, LLC, ("**Trustee**"). Collectively, Creditor and Trustee are referred to herein as the Parties (the "**Parties**").

### RECITALS

A. Trustee is the duly appointed Chapter 7 Trustee of Billy Gene Eddy, Jr. and Reliable Building Services, LLC ("**Debtor**"), a debtor in a bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Oklahoma (the "Bankruptcy Court"), In re Billy Gene Eddy, Jr. and Reliable Building Services LLC, Bankruptcy Case No. 17-11097-R (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

B. Trustee claims Creditor received $29,761.69 in payments from the Debtor that are subject to avoidance under various provisions of the Bankruptcy Code, collectively referred to herein as the ("**Disputed Claims**").

C. Creditor denies any liability for the Disputed Claims.

D. Creditor asserts various unsecured claims against the Debtor in the Bankruptcy Case (the "**Creditor Claims**").

E. The Parties participated in settlement negotiations and reached a global settlement intended to encompass the Disputed Claims, the Creditor Claims as well as any and all other claims by or between the Parties, (collectively, the "**Settled Claims**").

F. The Parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which are, or might have been, asserted in the Settled Claims upon the terms and conditions set forth below.

### AGREEMENT

The Parties agree as follows:

### 1.0 Mutual Release and Discharge

1.1 Effective on timely payment of the amount set forth in Section 2.1, the Parties hereby completely release and forever discharge each other from any and all past, present, or future claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses and compensation or monetary relief of any nature whatsoever, whether based on a tort, contract, or equity (including any and all rights, claims, demands, or causes of action that may otherwise be available at law or in equity, or granted by statute, to avoid or disregard the entity form, whether granted by statute or based on theories of equity, agency,


EXHIBIT "A"

control, instrumentality, alter ego, domination, sham, single business enterprise, piercing the veil, unfairness, undercapitalization, or otherwise) and any other theory of recovery, which the Parties now have, on account of, or which are the subject of the Settled Claims as well as any and all other claims by or between the Parties.

1.2 This release and discharge shall also apply to the Parties' past and present officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parent companies, subsidiaries, affiliates, partners, Trustee, predecessors and successors in interest, and assigns, and all other persons, firms, and corporations with whom any of the former have been or are now affiliated.

1.3 This release shall be a fully binding and complete settlement between the Parties.

1.4 The Parties expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the Parties' decision to enter into this Settlement Agreement. Trustee further agrees that Trustee has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Creditor agrees that it has agreed to make payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. The Parties assume the risk that the facts or law may be other than the Parties believe. It is understood and agreed to by the Parties that this settlement is a compromise of doubtful and disputed claims, and the payments are not to be construed as an admission of liability, as both Parties expressly deny liability.

1.5 Furthermore, if Creditor has filed a claim in the Bankruptcy Case, it releases and withdraws this claim; and agrees not to file a claim in the Bankruptcy Case for the payment made to Trustee in Section 2.1.

## 2.0 Payments

2.1 In consideration of the Release set forth above, the Creditor hereby agrees to pay Trustee the sum of $2,500.00 by delivery of certified funds.

2.2 Each party will pay its own attorneys' fees and costs.

2.3 Payment to Trustee shall be made within seven (7) business days after the entry of an Order by the Bankruptcy Court approving this Settlement Agreement pursuant to Section 8 of this Settlement Agreement.

## 3.0 Representation Regarding Advice of Counsel

3.1 In entering into this Settlement Agreement, the Parties represent that they have relied upon the advice of their attorneys, who are the attorneys of their choice, concerning the legal consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to the Parties by their attorneys; and

that the terms of this Settlement Agreement are fully understood and voluntarily accepted by the Parties.

### 4.0 Warranty of Authority to Execute Agreement

4.1 The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Settlement Agreement; that Trustee has the sole right to receive the sums specified in Section 2.1 of this Settlement Agreement; that Creditor has the sole right waive its claim in the Bankruptcy Case; and that the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

### 5.0 Governing Law and Venue

5.1 This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Oklahoma. The venue of any legal proceeding under this Settlement Agreement or breach of or default hereunder, shall be brought and heard in the Bankruptcy Court.

### 6.0 Additional Documents

6.1 The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

### 7.0 Entire Agreement and Successors in Interest

7.1 This Settlement Agreement contains the full and complete agreement of the Parties, and all other prior negotiations and agreements pertaining to the subject matter hereof are merged into this Settlement Agreement. Each of the Parties hereby expressly disclaims reliance upon any facts, promises, undertakings, representations, or omissions made by any other party or person, or such Party's or person's agents, representatives, or attorneys, prior to the date of the execution of this Settlement Agreement.

### 8.0 Effectiveness and Court Approval

8.1 This Settlement Agreement is subject to approval by the Court in the Bankruptcy Case and shall become effective immediately upon the entry of an order thereunder (the **"Approval Order"**).

8.2 Within ten (10) business days following execution of this Settlement Agreement by each of the Parties, the Trustee shall file a Motion in the Bankruptcy Case pursuant to Fed. R. Bankr. P. 9019 (the **"Motion"**) and shall diligently prosecute the same to conclusion to obtain entry of the Approval Order.

8.3 Creditor shall reasonably cooperate and support the entry of the Approval Order.

## 9.0 Attorneys' Fees

9.1 Any Party shall be entitled to recover from and against another Party its reasonable and necessary attorneys' fees and costs incurred in connection with the exercise of any rights or remedies under this Settlement Agreement resulting from any material default under this Settlement Agreement by the other party, including by litigation.

## 10.0 Multiple Counterparts

10.1 This Settlement Agreement may be executed in one or more counterparts, all of which together shall constitute one agreement. Also, the Parties may exchange facsimile or scanned copies of signatures, and such signature pages shall be treated as original signatures for all purposes.

By: _Scott P. Kirtley, Trustee_
Name: Scott P. Kirtley
Title: Chapter 7 Trustee

**BLUE CHIP SUPPLY, LLC**

By: _Matt Ishmael_ 9/11/19
Name: Matt Ishmael
Title: Owner and Manager